## IN RE APPLICATION OF SIMON S. COHEN FOR ADMISSION TO THE BAR

Superior Court        Tolland County        File No. 4891-A

MEMORANDUM FILED MARCH 29, 1944.

*Lucius F. Robinson, Jr.,* of Hartford, for the Appellant.

*Thomas J. Birmingham,* of Hartford, for the Standing Committee on Recommendations for Admission to the Bar.

KING, J. The applicant, Simon S. Cohen, was admitted to the Massachusetts Bar in 1931, and practiced law in Boston until August, 1942, when he returned to Rockville to take care of his elderly father's extensive business interests, including a grain and coal business and a potato-raising business.

On February 1, 1943, upon motion filed November 4, 1942, he was admitted under a temporary license to the Connecticut bar, without examination, under the provisions of section 8, as amended, on page 22 of the Practice Book (1934). December 31, 1943, the applicant filed a motion that the temporary license be made permanent.

The Sanding Committee on Recommendations for Admission opposed, *pro forma,* the granting of this motion, not because of any animus toward the applicant but solely because the committee construed the section to require that during the period of the temporary license the applicant should devote to the practice of law in Connecticut the majority of such time, at least, as he devoted to any gainful occupation.

The attitude of the Standing Committee on Recommendations for Admission is highly commendable and the court appreciated the time and effort which it devoted to the performance of its important duties.

The applicant claims that he devoted such time to his law practice as it required, but does not claim that he devoted a majority of his working time to his practice. Most of his time was admittedly given to the business interests of his father. The grain business was disposed of in February, 1943, but the coal and potato-raising businesses received the applicant's attention during the major portion of his working hours since February 1, 1943.

It is the claim of the applicant that the expressed intention of section 8 is that an applicant shall spend a majority of such time as he devotes to the practice of law at all, to such practice in Connecticut, but that it does not require that any particular amount of time be devoted to the practice of law.

The wording of requirement (5) of the first sentence of section 8 is clearly in accordance with the claim of the applicant.

The wording of the last sentence of section 8, prior to the

amendment of January 1, 1943, considered by itself, less strongly supports the applicant's contention.

However, the section should be construed as a whole, and it does not seem reasonable that the last sentence (prior to the aforesaid amendment) be construed to require an actual devotion of time to the practice of law in excess of the requisite intention as set forth in requirement (5) of the first sentence. This latter result would follow if the construction of the Standing Committee on Recommendations for Admission were adopted.

It is true that the proviso added by the amendment of January 1, 1943, gives some added support to the Committee's construction. However, it does not seem that it is sufficient to change the foregoing result.

If the construction accorded herein is contrary to the actual, as distinguished from the expressed, intention of the framers of the rule, the remedy must be found in a redrafting of the rule. *Lee Bros. Furniture Co. vs. Cram,* 63 Conn. 433, 438.

It is found that the applicant since his admission under the temporary license (1) has resided in Connecticut and intends to continue so to reside and (2) has not practiced law outside the State of Connecticut, so that all of the small amount of time which he has devoted to the practice of law has been devoted to such practice in Connecticut.

It is further found that he intends to practice law to some extent in the future and that in so far as he intends to practice law at all he intends that such practice shall be in Connecticut.

The motion that the temporary license be made permanent is granted, and such an order may enter.